Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4603 | **DATE** | 10/17/2002 |
| **CASE TITLE** | Watts vs. Advance Transformer Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/18/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant defendant's motion (Doc 6-1) to dismiss Counts II and III. All discovery to be completed by February 18, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 18 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT    courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREG WATTS, )
)
Plaintiff, )
)
vs. ) 02 C 4603
)
ADVANCE TRANSFORMER CO., a division of )
Philips Electronics North America Corporation, )
)
Defendant. )

DOCKETED
OCT 18 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This case is before the Court on a motion to dismiss Counts II and III of Plaintiff Greg Watts' complaint. For the reasons set forth below, we grant the motion to dismiss Counts II and III.

### BACKGROUND

Plaintiff Greg Watts ("Watts") was employed by Defendant Advanced Transformer Company ("ATC") as a human resources manager from March 1992 to January 2001. Watts alleges that on or about January 17, 2001, ATC laid off Watts and 31 other employees. According to Watts, he was 51 years old at that time and only 3 of the 31 employees terminated were under 40 years of age. ATC admits that it did not

11

terminate the employment of any of the other human resources managers who were all under 40 years of age. Watts also claims that he told ATC that he would take any available position with ATC in order to remain employed, but that ATC did not offer him another position or make any effort to find him another position for which he was qualified. In addition Watts claims that he received a job offer in 2000 from another company to be employed as a human resources manager and turned down the offer because Watts' boss at ATC assured Watts that he would be handling labor relations for ATC after the general layoff. Count I of the complaint contains an ADEA claim. Count II contains a claim based on a state contract implied in fact and Count III contains a claim based on a state contract implied in law.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim

"unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins*, 939 F.2d at 466-67. In deciding a Rule 12(b)(6) motion the court shall consider the entire complaint and is not required to overlook facts alleged that might support a dismissal. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) (stating that a "plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege them.").

## DISCUSSION

I. Contract Implied in Fact (Count II)

According to Watts, he turned down another employment offer based on an assurance by his boss at ATC that Watts would be handling labor relations for ATC after the proposed layoff. Watts claims that these circumstances show that a contract implied in fact was formed. Where there is an at will employment contract an employer can terminate the employee for good cause, bad cause, or no cause. *Shelton v. Ernst & Young, LLP*, 143 F. Supp. 2d 982, 991 (N.D. Ill. 2001); *Veit v. Village of Round Lake Park*, 521 N.E.2d 145, 147 (Ill. App. Ct. 1998). Under Illinois law, oral employment contracts are presumed to be "at will" contracts. *Kalush v. Deluxe Corp.*, 171 F.3d 489, 492 (7th Cir. 1999) (citing *McInerney v. Charter Golf, Inc.*, 680 N.E.2d 1347, 1349 (Ill. 1997)).

However, the presumption that an oral employment contract is "at will" can be rebutted by showing that: 1) the employer made a "clear and definite promise", and 2) there was adequate consideration to create a valid contract. *Kalush*, 171 F.3d at 492 (citing *McInerney*, 680 N.E.2d at 1349). Also, to have a valid implied in fact contract under Illinois law there must be a "meeting of the minds," *Barefield v. Village of Winnetka*, 81 F.3d 704, 709 (7th Cir. 1996), and the consideration must constitute a "bargained-for exchange of mutual obligations." *Kalush*, 171 F.3d at 492; *see also*

*Barefield*, 81 F.3d at 709 (stating that a contract implied in fact must contain all elements of an express contract).

We note that in support of its assertion that the Watts' employment was terminable at will, ATC repeatedly cites *Cruse v. Chicago Park District*, 95 F.3d 1154 (7th Cir. 1996), and engages in an in depth factual comparison between that case and the case before us. *Cruse* however, is an unpublished decision and, pursuant to Local Circuit Rule 53 of the Seventh Circuit, should not be cited or used as precedent in any federal court in the Circuit except where there is a claim of res judicata or collateral estoppel. ATC's citation of this case and the failure to provide an explanation in a parenthetical or otherwise indicate that it is an unpublished opinion is to say the least somewhat misleading. We also note that ATC does not dispute Watts' assertion that there was adequate consideration to support a contract implied in fact.

Watts argues that the presumption that the contract between himself and ATC is at will is rebutted by allegations showing that there was a clear and definite promise by ATC assuring Watts that he could work for them in the future. Watts bases his argument on a literal reading of *Duldulao v. Saint Mary of Nazareth Hospital Center* where the Illinois Supreme Court first explained the "clear and definite" requirement by stating that the employer's "statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made." 505 N.E.2d 314,

318 (Ill. 1987). However, the clear and definite requirement refers to more than simply a definite offer of future employment. An employer could promise an employee future employment for an indefinite term, retain discretion to terminate the employee without cause, and the contract would still be an at will contract.

The essence of the "clear and definite" requirement can be gleaned from *McInerney* which states that the "terms" of the employment contract must be clear and definite. 680 N.E.2d at 1349. *See also Tolmie v. United Parcel Service, Inc.*, 930 F.2d 579, 580 (7th Cir. 1991) (indicating that terms of an offer of employment must be clear and definite). There are two separate ways that a contract can be prevented from being an at will contract. First, the employer could promise not to terminate the employee without good cause or otherwise limit its ability to terminate the employee. *See Hudson v. Allstate Insurance Co.*, 93 F.3d 296, 299 (7th Cir. 1996) (addressing whether there was a clear and definite promise not to terminate without good cause). Second an employer could agree to a definite duration for the contract which would also prevent the contract from being an at will contract. *See Geva v. Leo Burnett Co., Inc.*, 931 F.2d 1220, 1222 (7th Cir. 1991) (stating that employment relationship is at will unless there is a defined duration for the employment contract or if contract "permits termination of employment by employer only under specified circumstances"); *Jespersen v. Minnesota Minning and Manufacturing Co.*, 700 N.E.2d

1014, 1016 (Ill. 1998) (stating that an agreement is not terminable at will if it is for a fixed duration, is terminable upon a fixed event, or is terminable only for cause).

In this case Watts claims that he was promised that he would handle labor relations at ATC after the lay offs. Watts does not allege that he was specifically told how long into the future that he would be working on labor relations for ATC. No duration can be reasonably implied from the circumstances listed in the allegations. Also since there is a presumption of an at will contract, as stated above Watts would have to show that there was a clear and definite duration established for his assured future employment. *See Eastman v. Chicago Central & Pacific Railroad Co.*, 930 F.2d 1173, 1177 (7th Cir. 1991) (stating that presumption of at will employment contract could be rebutted by clear and definite promise as to the duration of future employment); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 933 F. Supp. 711, 714 (N.D. Ill. 1996) (stating that presumption of at will employment contract can be overcome by clear and definite promise as to duration of employment); *Schoeneck v. Chicago National League Ball Club, Inc.*, 867 F. Supp. 696, 702 (N.D. Ill. 1994) (stating that under Illinois law an offer of employment must be clear and definite as to duration to avoid being an at will contract). The allegations in this case do not indicate any definite duration. Also, there are no allegations that ATC promised that it would not terminate Watts without good cause nor any allegations that would reasonably

merit such an inference. *See Kalush*, 171 F.3d at 492 (holding that at will presumption was not rebutted because there was no clear and definite promise that the employer would be "restricted in any way from terminating [the employee's] employment..."). Thus even when considering the allegations in the light most favorable to Watts, the terms of the contract for future employment allegedly made by ATC were not clear and definite enough to justify a finding that the at will presumption is rebutted. Therefore, we grant the motion to dismiss Count II.

II. Contract Implied at Law (Count III)

Watts also includes a claim that there was an employment contract implied at law. A claim based on a contract implied at law is synonymous with a claim involving unjust enrichment or quantum meruit. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1114 (7th Cir. 1994). However, Watts defeats its own claim in its response to the motion to dismiss. Watts states that "ATC's promise created an enforceable oral contract for permanent employment . . ." and in the next sentence states "[t]his is precisely the situation that calls for the creation of an equitable remedy in the form of an implied-in-law contract to make certain that injustice does not occur." An unjust enrichment claim is not appropriate where a valid contract governs the rights of the parties. *Murray v. Abt Assoc., Inc.*, 18 F.3d 1376, 1379 (7th Cir. 1994); *U.S. v. Broadway Constr., Inc.*, 1998 WL 246385, *5-6 (N.D. Ill. 1998) (stating that unjust enrichment is based on a

contract implied at law and is not applicable where a contract governs parties' rights); *LaThrop v. Bell Fed. Sav. & Loan*, 370 N.E.2d 188, 195 (Ill. 1977). Watts is seeking to recover in equity for unjust enrichment in addition to his damages recovery and no such remedy exists in equity or at law. Therefore, we grant ATC's motion to dismiss Count III.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss Counts II and III.

*[signature]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: October 17, 2002